ALICIA A.G. LIMTIACO
United States Attorney
MIKEL W. SCHWAB
JESSICA F. WESSLING
Assistant U.S. Attorneys
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CIVIL CASE NO. 16-00047 |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| MANOUCHER SABETI, | |
| Defendant. | |

COMES NOW the United States of America ("United States"), by and through its undersigned counsels, and for its complaint, alleges as follows:

### JURISDICTION

1. This is a civil action brought by the United States against the Defendant, Manoucher Sabeti, under the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("False Claims Act"), to recover all damages, penalties and other remedies. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345.

### VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant is located, conducts business, and can be found in this district. Venue is also proper in this Court

pursuant to 31 U.S.C. § 3732(a) as Guam is the judicial district where the fraudulent activity occurred and is the territory where the Defendant could be found, resided and/or transacted business and/or was registered at the time of the fraudulent activity.

## PARTIES

3. Plaintiff is the United States of America on behalf of the United States Department of Veterans Affairs ("VA").

4. Defendant is Manoucher Sabeti the owner of New Horizons CLC of Guam ("New Horizons") and CompPacific and currently resides on Guam.

## FACTUAL BASIS

5. The Veterans Affairs' Vocational Rehabilitation & Employment ("VR&E") program assists veterans with service-connected disabilities by providing services that prepare veterans to find and keep suitable employment.

6. The VR&E on Guam procured services from New Horizons and CompPacific to provide veterans with computer courses, computer equipment and books.

7. New Horizons had a contract with Baker University to provide college credits for successfully completed computer courses.

8. Baker University relied on information provided by New Horizons to obtain payment from the VA for credited classes at Baker University where 85% of the proceeds were paid out to New Horizons.

9. On June 20, 2011, the VA Regional Office contacted the VA Office of Inspector General ("OIG") to investigate an employee in the Guam VR&E program for questionable purchases at New Horizons and CompPacific. Through this investigation it was discovered that CompPacific charged the VA for textbooks that were not received by veterans and New Horizons charged Baker University for classes that were not taken by veterans.

10. On September 25 and 26, 2013, a New Horizon's employee revealed to OIG that Mr. Sabeti instructed his employee to bill Baker University in advance for the veterans' classes by submitting course completion forms before the veterans took or passed their courses in order to obtain payment.

11. Through this advanced payment scheme, the VA lost $73,578.55 for fictitious enrollments in computer classes. This payment scheme is broken down below.

12. New Horizons registered J.B. for computer classes from September 20, 2010, to January 21, 2011. New Horizons enrolled J.B. in ten (10) courses. J.B. only recalls knowing about and completing nine (9) courses. He does not recall knowing about or taking the other one (1) course, Config & Trouble Identity Access, nor did he complete the course. Baker University invoiced the VA for all ten courses amounting to $13,861.65 on December 3, 2010, and the VA paid the full amount on February 7, 2011. The one course that J.B. did not take totaled $1,260.15, which cost the VA a loss of $1,260.15 for the fictitious enrollment.

13. New Horizons registered K.M. for computer classes from September 20, 2010, to January 21, 2011. New Horizons enrolled K.M. in eight (8) courses. K.M. only recalls knowing about and completing three (3) courses. He does not recall knowing about or taking the other five (5) courses, Network+, Fundamentals of Microsoft Server 2008, Configuring and Troubleshooting Windows Server 2008, Configuring & Troubleshooting Identity Access, and Planning and Administering Windows Sv 2008, nor did he complete these courses. Baker University invoiced the VA for all eight (8) courses amounting to $11,341.35 on December 3, 2010, and the VA paid the full amount on February 7, 2011. The five (5) courses that K.M. did not take totaled $6,720.80, which cost the VA a loss of $6,720.80 for the fictitious enrollments.

14. New Horizons registered K.S. for computer classes from September 20, 2010, to January 21, 2011. New Horizons enrolled K.S. in ten (10) courses. K.S. only recalls knowing about and

completing three (3) courses. He does not recall knowing about or taking the other seven (7) courses, A+ IT Tech, ICND Part 1, ICND Part 2, Configuring and Troubleshooting Windows Server 2008, Fundamentals of Microsoft Server 2008, Configuring & Troubleshooting Identity Access, and Planning and Administering Windows Sv 2008, nor did he complete these courses. Baker University invoiced the VA for all ten (10) courses amounting to $13,861.65 on December 3, 2010, and the VA paid the full amount on February 8, 2011. The seven (7) courses that K.S. did not take totaled $9,661.15, which cost the VA a loss of $9,661.15 for the fictitious enrollments.

15. New Horizons registered J.T. for computer classes from October 18, 2010, to January 21, 2011. New Horizons enrolled him in ten (10) courses, but J.T. was arrested on October 31, 2010, and has been incarcerated since the date of his arrest. He may possibly have started two (2) courses (ICND Part 1 and ICND Part 2), but he could have not completed any of the courses; ICND Part 1, ICND Part 2, Security +, Network +, A+ Essentials, A+ IT Tech, Configuring and Troubleshooting Windows Server 2008, Fundamentals of Microsoft Server 2008, Configuring & Troubleshooting Identity Access, and Planning and Administering Windows Sv 2008, as he was incarcerated during the substantial period of the courses. Baker University invoiced the VA for all ten (10) courses amounting to $13,861.65 on December 3, 2010, and the VA paid the full amount on February 7, 2011. The ten (10) courses that J.T. was enrolled in totaled $13,861.65, which cost the VA a loss of $13,861.65 for the advanced enrollments.

16. New Horizons registered R.N. for computer classes from December 6, 2010, to May 13, 2011. New Horizons enrolled R.N. in ten (10) courses. R.N. only recalls knowing about and completing three (3) courses. He does not recall knowing about or taking the other seven (7) courses, A+ IT Tech, ICND Part 1, ICND Part 2, Configuring and Troubleshooting Windows Server 2008, Fundamentals of Microsoft Server 2008, Configuring & Troubleshooting Identity

Access, and Planning and Administering Windows Sv 2008, nor did he complete these courses. Nevertheless, Mr. Sabeti signed a grade verification report certifying that R.N. completed all ten (10) courses. Baker University invoiced the VA for all ten (10) courses amounting to $13,861.65 on February 16, 2011, and the VA paid the full amount on April 19, 2012. The seven (7) courses that R.N. did not take totaled $9,661.15, which cost the VA a loss of $9,661.15 for the fictitious enrollments.

17. New Horizons registered S.B. for computer classes from February 28, 2011, to May 29, 2011. New Horizons enrolled S.B. in ten (10) courses, but S.B. has stated to investigators that she has not taken any courses at New Horizons or Baker University. S.B. was enrolled in A+ Essentials, A+ IT Tech, Network +, Secuirty +, ICND Part 1, ICND Part 2, Configuring and Troubleshooting Windows Server 2008, Fundamentals of Microsoft Server 2008, Configuring & Troubleshooting Identity Access, and Planning and Administering Windows Sv 2008, and has not taken any of these courses. Nevertheless, Mr. Sabeti signed a grade verification report certifying that S.B. completed all ten (10) courses. Baker University invoiced the VA for all ten (10) courses amounting to $13,861.65 on February 16, 2011, and the VA paid the full amount on April 19, 2012. The ten (10) courses that S.B. never registered for totaled $13,861.65, which cost the VA a loss of $13,861.65 for the fictitious enrollments. Additionally, New Horizons charged the VA for textbooks that S.B. never received. New Horizons invoiced the VA for Photoshop CS5 - Levels 1 and 2, Illustratotor CS5 - Levels 1 and 2, and Quickbooks - Levels 1 and 2 on February 4, 2011, in the amount of $1,750. Total loss to the VA for both courses and textbooks amounts to $15,611.65.

18. New Horizons registered E.R. for computer classes from February 28, 2011, to April 29, 2011. New Horizons enrolled E.R. in ten (10) courses. E.R. only recalls knowing about and completing three (3) courses. He does not recall knowing about or taking the other seven (7)

courses, A+ IT Tech, ICND Part 1, ICND Part 2, Configuring and Troubleshooting Windows Server 2008, Fundamentals of Microsoft Server 2008, Configuring & Troubleshooting Identity Access, and Planning and Administering Windows Sv 2008, nor did he complete these courses. Nevertheless, Mr. Sabeti signed a grade verification report certifying that E.R. completed all ten (10) courses. Baker University invoiced the VA for all ten (10) courses amounting to $13,861.65 on February 16, 2011, and the VA paid the full amount on April 19, 2012. The seven (7) courses that E.R. did not take totaled $9,661.15, which cost the VA a loss of $9,661.15 for the fictitious enrollments.

19. New Horizons registered J.R. for computer classes from February 28, 2011, to April 8, 2011. New Horizons enrolled J.R. in six (6) courses. J.R. only recalls knowing about and starting one (1) course. He does not recall knowing about or taking the other five (5) courses, A+ IT Tech, Network +, ICND Part 1, ICND Part 2, and Planning and Administering Windows Sv 2008, nor did he complete these courses. Nevertheless, Mr. Sabeti signed a grade verification report certifying that J.R. completed all six (6) courses. Baker University invoiced the VA for all six (6) courses amounting to $8,821.05 on February 16, 2011, and the VA paid the full amount on April 20, 2012. The five (5) courses that J.R. did not take totaled $7,140.85, which cost the VA a loss of $7,140.85 for the fictitious enrollments.

20. Through Defendant's advanced enrollment scheme, Mr. Sabeti fraudulently claimed and received compensation from eight (8) veterans between 2010 and 2011. Plaintiff's records show that Mr. Sabeti caused a loss to the VA for a total amount of $73,578.55 for the eight (8) veterans that he fictitiously enrolled in computer courses at Baker University. A summary of the amounts are as follows.

| Name | Amount |
|---|---|
| J.B. | $ 1,260.15 |
| K.M. | $ 6,720.80 |

| | |
|---|---|
| K.S. | $ 9,661.15 |
| J.T. | $ 13,861.65 |
| *Name (continued)* | *Amount* |
| R.N. | $ 9,661.15 |
| S.B. | $ 15,611.65 |
| E.R. | $ 9,661.15 |
| J.R. | $ 7,140.85 |
| **Total** | **$ 73,578.55** |

## FIRST CAUSE OF ACTION

(False Claims Act for Veteran J.B.)

21. This is a claim for treble damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729(a), against Mr. Sabeti for knowingly presenting or causing to be presented false or fraudulent claims to obtain United States monies.

22. Plaintiff repeats and re-alleges each allegation set forth above in paragraphs 1 through 20 as set forth fully herein.

23. Mr. Sabeti submitted information to Baker University with actual knowledge of its falsity, or in deliberate ignorance or reckless disregard of its falsity, to obtain VA funds by knowingly enrolling J.B. for a class that he did not request to take or know about.

24. As a result of this false or fraudulent claim submitted by Mr. Sabeti, the United States paid the claim and incurred damages in an amount to be determined at trial.

25. Under 31 U.S.C. § 3729(a)(1)(G), Mr. Sabeti is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000[1], plus three times the amount of damages.

26. Under 31 U.S.C. § 3729(a)(3), Sabeti is liable to the United States Government for the costs of this civil action.

---

[1] As adjusted by the Federal Civil Penalties Adjustment Act of 1990 (28 U.S.C. § 2461).

## SECOND CAUSE OF ACTION

(False Claims Act for Veteran K.M.)

27. This is a claim for treble damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729(a), against Mr. Sabeti for knowingly presenting or causing to be presented false or fraudulent claims to obtain United States monies.

28. Plaintiff repeats and re-alleges each allegation set forth above in paragraphs 1 through 20 as set forth fully herein.

29. Mr. Sabeti submitted information to Baker University with actual knowledge of its falsity, or in deliberate ignorance or reckless disregard of its falsity, to obtain VA funds by knowingly enrolling K.M. for classes that he did not request to take or know about.

30. As a result of this false or fraudulent claim submitted by Mr. Sabeti, the United States paid the claim and incurred damages in an amount to be determined at trial.

31. Under 31 U.S.C. § 3729(a)(1)(G), Mr. Sabeti is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages.

32. Under 31 U.S.C. § 3729(a)(3), Sabeti is liable to the United States Government for the costs of this civil action.

## THIRD CAUSE OF ACTION

(False Claims Act for Veteran K.S.)

33. This is a claim for treble damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729(a), against Mr. Sabeti for knowingly presenting or causing to be presented false or fraudulent claims to obtain United States monies.

34. Plaintiff repeats and re-alleges each allegation set forth above in paragraphs 1 through 20 as set forth fully herein.

35. Mr. Sabeti submitted information to Baker University with actual knowledge of its falsity, or in deliberate ignorance or reckless disregard of its falsity, to obtain VA funds by knowingly enrolling K.S. for classes that he did not request to take or know about.

36. As a result of this false or fraudulent claim submitted by Mr. Sabeti, the United States paid the claim and incurred damages in an amount to be determined at trial.

37. Under 31 U.S.C. § 3729(a)(1)(G), Mr. Sabeti is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages.

38. Under 31 U.S.C. § 3729(a)(3), Sabeti is liable to the United States Government for the costs of this civil action.

## FOURTH CAUSE OF ACTION

(False Claims Act for Veteran J.T.)

39. This is a claim for treble damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729(a), against Mr. Sabeti for knowingly presenting or causing to be presented false or fraudulent claims to obtain United States monies.

40. Plaintiff repeats and re-alleges each allegation set forth above in paragraphs 1 through 20 as set forth fully herein.

41. Mr. Sabeti submitted information to Baker University with actual knowledge of its falsity, or in deliberate ignorance or reckless disregard of its falsity, to obtain VA funds by knowingly enrolling J.T. for classes that he did not request to take or know about.

42. As a result of this false or fraudulent claim submitted by Mr. Sabeti, the United States paid the claim and incurred damages in an amount to be determined at trial.

43. Under 31 U.S.C. § 3729(a)(1)(G), Mr. Sabeti is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount

of damages.

44. Under 31 U.S.C. § 3729(a)(3), Sabeti is liable to the United States Government for the costs of this civil action.

### FIFTH CAUSE OF ACTION

(False Claims Act for Veteran R.N.)

45. This is a claim for treble damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729(a), against Mr. Sabeti for knowingly presenting or causing to be presented false or fraudulent claims to obtain United States monies.

46. Plaintiff repeats and re-alleges each allegation set forth above in paragraphs 1 through 20 as set forth fully herein.

47. Mr. Sabeti submitted information to Baker University with actual knowledge of its falsity, or in deliberate ignorance or reckless disregard of its falsity, to obtain VA funds by knowingly enrolling R.N. for classes that he did not request to take or know about.

48. As a result of this false or fraudulent claim submitted by Mr. Sabeti, the United States paid the claim and incurred damages in an amount to be determined at trial.

49. Under 31 U.S.C. § 3729(a)(1)(G), Mr. Sabeti is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages.

50. Under 31 U.S.C. § 3729(a)(3), Sabeti is liable to the United States Government for the costs of this civil action.

### SIXTH CAUSE OF ACTION

(False Claims Act for Veteran S.B.)

51. This is a claim for treble damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729(a), against Mr. Sabeti for knowingly presenting or causing to be presented false or

fraudulent claims to obtain United States monies.

52. Plaintiff repeats and re-alleges each allegation set forth above in paragraphs 1 through 20 as set forth fully herein.

53. Mr. Sabeti submitted information to Baker University with actual knowledge of its falsity, or in deliberate ignorance or reckless disregard of its falsity, to obtain VA funds by knowingly enrolling S.B. for classes that he did not request to take or know about.

54. As a result of this false or fraudulent claim submitted by Mr. Sabeti, the United States paid the claim and incurred damages in an amount to be determined at trial.

55. Under 31 U.S.C. § 3729(a)(1)(G), Mr. Sabeti is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages.

56. Under 31 U.S.C. § 3729(a)(3), Sabeti is liable to the United States Government for the costs of this civil action.

### SEVENTH CAUSE OF ACTION

(False Claims Act for Veteran E.R.)

57. This is a claim for treble damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729(a), against Mr. Sabeti for knowingly presenting or causing to be presented false or fraudulent claims to obtain United States monies.

58. Plaintiff repeats and re-alleges each allegation set forth above in paragraphs 1 through 20 as set forth fully herein.

59. Mr. Sabeti submitted information to Baker University with actual knowledge of its falsity, or in deliberate ignorance or reckless disregard of its falsity, to obtain VA funds by knowingly enrolling E.R. for classes that he did not request to take or know about.

60. As a result of this false or fraudulent claim submitted by Mr. Sabeti, the United States

U.S. v. Manoucher Sabeti – Page 11 of 16
Case 1:16-cv-00047  Document 1  Filed 06/09/16  Page 11 of 16

paid the claim and incurred damages in an amount to be determined at trial.

61. Under 31 U.S.C. § 3729(a)(1)(G), Mr. Sabeti is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages.

62. Under 31 U.S.C. § 3729(a)(3), Sabeti is liable to the United States Government for the costs of this civil action.

### EIGHTH CAUSE OF ACTION

(False Claims Act for Veteran J.R.)

63. This is a claim for treble damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729(a), against Mr. Sabeti for knowingly presenting or causing to be presented false or fraudulent claims to obtain United States monies.

64. Plaintiff repeats and re-alleges each allegation set forth above in paragraphs 1 through 20 as set forth fully herein.

65. Mr. Sabeti submitted information to Baker University with actual knowledge of its falsity, or in deliberate ignorance or reckless disregard of its falsity, to obtain VA funds by knowingly enrolling J.R. for classes that he did not request to take or know about.

66. As a result of this false or fraudulent claim submitted by Mr. Sabeti, the United States paid the claim and incurred damages in an amount to be determined at trial.

67. Under 31 U.S.C. § 3729(a)(1)(G), Mr. Sabeti is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages.

68. Under 31 U.S.C. § 3729(a)(3), Sabeti is liable to the United States Government for the costs of this civil action.

\\

## NINTH CAUSE OF ACTION

(Alternative Theory - Unjust Enrichment)

69. This is a claim against Mr. Sabeti for recovery of monies by which Mr. Sabeti has been unjustly enriched.

70. Plaintiff repeats and re-alleges each allegation as set forth above in paragraphs 1 through 68 as set forth fully herein.

71. Plaintiff paid Mr. Sabeti certain monies, specifically, $73,578.55, as payment for registering eight (8) veterans in courses that they did not request or complete.

72. Upon information and belief, Mr. Sabeti falsely registered eight (8) veterans for classes without their knowledge or approval. In furtherance of this claim, Mr. Sabeti submitted the course registrations for these eight (8) veterans in advance to initiate payment from Plaintiff.

73. Based on Mr. Sabeti's false representations, Mr. Sabeti induced Plaintiff to pay Baker University $73,578.55, as payment for registering eight (8) veterans in courses that these veterans had no knowledge about, so that Mr. Sabeti could receive payment for the eight (8) veterans.

74. But for Mr. Sabeti's false submission for payment to the United States, the United States would not have paid Baker University or him $73,578.55.

75. By reason of the United States paying Mr. Sabeti for the false course registrations, Plaintiff is entitled to a return of the monies paid to Defendant in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

(Alternative Theory - Mistake of Fact)

76. This is a claim brought under the common law doctrine of payment by mistake for the recovery of all funds which agents for the United States may have wrongfully, erroneously, or

illegally paid to Mr. Sabeti through Baker University.

77. This remedy is uniquely available to the United States and is independent of statute.

78. Plaintiff repeats and re-alleges each allegation as set forth above in paragraphs 1 through 75 as set forth fully herein.

79. Plaintiff paid Mr. Sabeti certain monies, specifically $73,578.55 to Baker University for Mr. Sabeti's benefit, as payment for registering eight (8) veterans in courses that the veterans had no knowledge about and did not attend.

80. By reason of the United States paying Mr. Sabeti under an erroneous belief, which was material to the decision to pay, the United States is entitled to recover any and all mistaken payments paid to Mr. Sabeti.

**WHEREFORE,** the United States demands judgment against Manoucher Sabeti as follows:

1. On the First Cause of Action, judgment against Mr. Sabeti for triple the damages sustained by the United States, plus civil penalties as are allowable by law in the amount of $5,000 to $10,000 per violation, costs, and such other and further relief as may be just and proper. In the instant case, triple damages would amount to $3,780.45, plus penalties of $5,000 - $10,000 per violation, and any such other and further relief as may be just and proper.

2. On the Second Cause of Action, judgment against Mr. Sabeti for triple the damages sustained by the United States, plus civil penalties as are allowable by law in the amount of $5,000 to $10,000 per violation, costs, and such other and further relief as may be just and proper. In the instant case, triple damages would amount to $20,162.40, plus penalties of $5,000 - $10,000 per violation, and any such other and further relief as may be just and proper.

3. On the Third Cause of Action, judgment against Mr. Sabeti for triple the damages sustained by the United States, plus civil penalties as are allowable by law in the amount of $5,000 to $10,000 per violation, costs, and such other and further relief as may be just and proper. In the instant case, triple damages would amount to $28,983.45, plus penalties of $5,000 - $10,000 per violation, and any such other and further relief as may be just and proper.

4. On the Fourth Cause of Action, judgment against Mr. Sabeti for triple the damages sustained by the United States, plus civil penalties as are allowable by law in the amount of $5,000 to $10,000 per violation, costs, and such other and further relief as may be just and proper. In the instant case, triple damages would amount to $41,584.95, plus penalties of $5,000 - $10,000 per violation, and any such other and further relief as may be just and proper.

5. On the Fifth Cause of Action, judgment against Mr. Sabeti for triple the damages sustained by the United States, plus civil penalties as are allowable by law in the amount of $5,000 to $10,000 per violation, costs, and such other and further relief as may be just and proper. In the instant case, triple damages would amount to $28,983.45, plus penalties of $5,000 - $10,000 per violation, and any such other and further relief as may be just and proper.

6. On the Sixth Cause of Action, judgment against Mr. Sabeti for triple the damages sustained by the United States, plus civil penalties as are allowable by law in the amount of $5,000 to $10,000 per violation, costs, and such other and further relief as may be just and proper. In the instant case, triple damages would amount to $46,834.95, plus penalties of $5,000 - $10,000 per violation, and any such other and further relief as may be just and proper.

7. On the Seventh Cause of Action, judgment against Mr. Sabeti for triple the damages sustained by the United States, plus civil penalties as are allowable by law in the amount of $5,000 to $10,000 per violation, costs, and such other and further relief as may be just and proper. In the instant case, triple damages would amount to $28,983.45, plus penalties of $5,000 - $10,000 per violation, and any such other and further relief as may be just and proper.

8. On the Eighth Cause of Action, judgment against Mr. Sabeti for triple the damages sustained by the United States, plus civil penalties as are allowable by law in the amount of $5,000 to $10,000 per violation, costs, and such other and further relief as may be just and proper. In the instant case, triple damages would amount to $21,422.55, plus penalties of $5,000 - $10,000 per violation, and any such other and further relief as may be just and proper.

9. On the Ninth Cause of Action, judgment against Mr. Sabeti for damages sustained and pre-judgment interest, costs and such other and further relief as may be just and proper.

10. In the alternative, on the Tenth Cause of Action, judgment against Mr. Sabeti for recovery of all payments mistakenly paid, costs and such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED this 9th day of June, 2016.

ALICIA A.G. LIMTIACO
United States Attorney
Districts of Guam and the NMI

By: /s/
MIKEL W. SCHWAB
Assistant U.S. Attorney